UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| T'SHYRA WARNER ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 20-590 |
| ) | |
| G4S SECURE SOLUTIONS (USA) INC., ) | |
| ) | |
| **Defendant.** | |

NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

Defendant G4S Secure Solutions (USA) Inc. ("G4S"), by counsel and consistent with 28 U.S.C. §§ 1331 1332, 1441 and 1446, removes this action to the United States District Court for the Middle District of Louisiana. As grounds for removal, G4S states as follows:

1.  On or about August 13, 2020, Plaintiff T'Shyra Warner filed a lawsuit in the 19th Judicial District, Parish of East Baton Rouge, Louisiana styled, *T'Shyra Warner v. G4S Secure Solutions (USA) Inc.,* arising out of plaintiff's employment with G4S and her separation from employment. [*See* **Exhibit A**, State Court Documents, Plaintiff's Petition, No. C-698835, Sec. 23.]

2.  G4S was served on August 26, 2020. This Notice of Removal is timely under 28 U.S.C. § 1446 in that it was filed within thirty days of service on G4S.

3.  G4S filed this Notice of Removal on September 8, 2020.

4.  The above described action is one which may be removed by G4S consistent with the provisions of 28 U.S.C. §§ 1331, 1367, 1441, on the basis of diversity jurisdiction, amount in controversy, and on the basis of federal question jurisdiction and supplemental jurisdiction as indicated by the following circumstances:

**Diversity**

5.      There is complete diversity between the parties to this lawsuit. "Diversity jurisdiction under 28 U.S.C.S. § 1332 requires an amount in controversy greater than $ 75,000 and complete diversity of citizenship among the litigants. Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008).

6.      Plaintiff, T'Shyra Warner, was a citizen of the Parish of East Baton Rouge, Louisiana at the time this action was commenced. [**Exhibit A**, Plaintiff's Petition].

7.      G4S is a corporation organized under the laws of Florida with a principal place of business in Florida. Thus, pursuant to 28 U.S.C. § 1332(c)(1), G4S is a citizen of Florida.

8.      Therefore, plaintiff is a citizen of Louisiana and G4S is a citizen of Florida. There is complete diversity of citizenship between the parties to the lawsuit.

**Amount in Controversy**

9.      The amount in controversy, exclusive of interests and costs, exceeds $75,000 as required by 28 U.S.C. § 1332(a). Plaintiff seeks damages for each of the following:

   i.    Compensatory damages, which includes lost wages, front and back pay, and lost benefits, including interest;

   ii.   Non-economic damages, including embarrassment, humiliation, grief, and mental anguish;

   iii.  Punitive and/or exemplary damages; and

   iv.   Costs and attorneys' fees.

10.     In determining whether the amount in controversy is satisfied, the Court need only be convinced that it is more likely than not that the amount at issue exceeds $75,000. *Brown v.*

*Caremark La.*, 2011 U.S. Dist. LEXIS 151265 *2 (W.D. La. Dec. 9, 2011). A defendant does not need to meet the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement. *Id.* Rather, a defendant need only show by a preponderance that the amount in controversy exceeds the jurisdictional threshold. *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002). This burden can be satisfied when it is facially apparent the claims are likely to exceed $75,000 at the time the action is removed. *Id.* at 868.

      11.      During her employment with G4S, plaintiff accepted a site assignment that paid approximately $14.00 per hour for 40 hours per week. [**Exhibit A**, Plaintiff's Petition, ¶ 3]. This equates to wages of approximately $560 per week. Plaintiff resigned from her employment with G4S on or around August 14, 2019, filed her petition on August 13, 2020, and served G4S on August 26, 2020. Thus, if Plaintiff remained employed with G4S and earned a similar amount, she would have earned approximately $29,680 ($560 per week x 53 weeks) between her separation from employment and the filing of her petition. Likewise, plaintiff alleges she endured unlawful discrimination and termination because of a disability. It is reasonable to believe that such allegations may result in an additional $25,000 in damages. By the time of trial, the potential back pay award will be significantly higher. When determining the amount in controversy, the court looks to the amount in back pay that would have accrued at the time of reinstatement or judgment, rather than at the time of filing. *James v. Malveaux*, 2017 U.S. Dist. LEXIS 54587 *7 (W.D. La. Mar. 24, 2017) ("When calculating back pay to determine whether the amount in controversy exceeds the jurisdictional threshold, courts include the compensation allegedly lost up until the anticipated trial date.") (internal citations omitted). In this case, if a trial were held in nineteen

months, the potential back pay award would increase to $76,160.00. Thus, the amount in controversy is satisfied with only plaintiff's potential back pay award.

12. Plaintiff also seeks recovery for attorneys' fees. [**Exhibit A**, Plaintiff's Petition, ¶ 12]. In *Robinson*, plaintiff's complaint sought attorney's fees recoverable under statute. *Robinson v. BASF Corp.*, 2017 U.S. Dist. LEXIS 183475 * 9 (M.D. La. Oct. 13, 2017). In deciding that the amount in controversy was satisfied, this Court held statutory attorney's fees may be significant and "are included in determining the jurisdictional amount under 28 U.S.C. 1332(a)." *Id*. Since plaintiff's claims under La. R.S. § 23:322 *et seq*. allow for the potential recovery of reasonable attorneys' fees, the amount potentially recovered for attorneys' fees is counted towards the amount in controversy requirement.

13. Based on a reasonable and fair reading of the petition, plaintiff's alleged damages more likely than not exceed $75,000.

14. Given the facts and circumstances set forth above, this constitutes an action which originally could have been brought before this Court under 28 U.S.C. § 1332, and which may be removed by G4S on the basis of diversity jurisdiction consistent with 28 U.S.C. § 1441(a).

**Federal Question and Supplemental Jurisdiction**

15. In her petition, plaintiff alleges G4S unlawfully interfered and retaliated against her in violation of the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 et. seq. ("FMLA"), and La. R. S. § 23:322, *et. seq*. [**Exhibit A**, Plaintiff's Petition ¶¶ 7, 10, 13.].

16. This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because more than one of plaintiff's claims –alleged violation of the FMLA– arise "under the Constitution, laws, or treaties of the United States."

17. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. §§ 1367 and 1441(c) and general principles of supplemental jurisdiction, over plaintiff's remaining state law claims arising under La. R. S. § 23:322.

18. Courts in this circuit have previously ruled it was proper to exercise supplemental jurisdiction over an employee's claims of interference and retaliation brought under state laws that arise out of the same actions that form the basis of a federal FMLA claim, over which the Court had original jurisdiction. *E.g.*, *Conine v. Universal Oil Prod. Co.*, 2006 U.S. Dist. LEXIS 14589, at *5-6 (W.D. La., March 14, 2006).

19. Venue is proper in this judicial district under 28 U.S.C. § 1441(a) because the state court where the suit was pending is located in this judicial district.

20. This action is not an action described in 28 U.S.C. § 1445.

21. By virtue of this Notice of Removal, G4S does not waive its right to respond to the petition and/or assert any claims, defenses, or other motions.

22. Consistent with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon G4S in this action as of the date of filing of this Notice of Removal is attached. [*See* **Exhibit A**].

23. This Notice of Removal will be served on all adverse parties consistent with 28 U.S.C. § 1446.

24. A true and correct copy of this Notice of Removal will be filed with the clerk of the 19th Judicial District, Parish of East Baton Rouge, Louisiana, consistent with 28 U.S.C. § 1446.

WHEREFORE, this action is properly removed from the 19th Judicial District, Parish of East Baton Rouge, Louisiana, to this Court for all further proceedings.

**Jury Demand**

G4S prays for a trial by jury.

Respectfully submitted,

*/s/     Camille E. Gauthier*
Camille E. Gauthier (#34558)
Sean P. Brady (#30410)
FLANAGAN PARTNERS LLP
201 St. Charles Ave., Suite 3300
New Orleans, LA 70170
Telephone: (504) 569-0235
Facsimile: (504) 592-0251
cgauthier@flanaganpartners.com
sbrady@flanaganpartners.com

*Attorneys for G4S Secure Solutions (USA) Inc.*